UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEY ROBERT RUIZ,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>CLAUDE F. FINN, WARDEN,<br><br>　　　　Respondent. | No.  2:21-cv-0668 JAM AC P<br><br><br>FINDINGS AND RECOMMENDATIONS |

    Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  ECF No. 1.  He has paid the filing fee.  ECF No. 8.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

    Before the court is respondent's motion to dismiss the petition.  ECF No. 22.  For the reasons stated below, the undersigned will recommend that the motion be granted.

    I.    <u>RELEVANT FACTS AND PROCEDURAL HISTORY</u>

    Petitioner, an inmate at Deuel Vocational Institute at the time the instant petition was filed,[1] states that he was convicted in November 2003 of distribution of a controlled substance in

---

[1] It is unclear whether petitioner remains incarcerated at this time.  A recent search for petitioner on the California Department of Corrections and Rehabilitation website did not yield a result as he has identified himself by name and inmate number in the petition.  <u>See</u> ECF No. 1 at 1; <u>see also</u> California Department of Corrections and Rehabilitation, https://inmatelocator.cdcr.ca.gov/search.aspx (insert "Joey Robert Ruiz" or inmate number "F14391" in search form) (last visited March 29, 2022).

1

prison and of unauthorized possession of a controlled substance as a "second striker," in violation of California Penal Code §§ 3016(c) and 4573.6(a), (c), respectively.  ECF No. 1 at 1-2.

Petitioner states that he did not appeal his conviction in state court or in any other court. See generally ECF No. 1 at 2-3.  Petitioner indicates that he has previously filed petitions, applications, or motions regarding his conviction, but he fails to state whether such requests for relief were filed in state or federal court.  Id. at 3-4.

The petition contends that the parole board continues to deny early parole to petitioner because it will not drop his prior enhancements, citing to "Senate Bill 136," "Prop. 57" and "In re McHee, (Cal.) .App. 1st Dis. Apr. 29th, 2019)."  ECF No. 1 at 5 (citation errors in original).

The instant motion to dismiss was filed by respondent in August 2021.  ECF No. 22. Petitioner has not filed an opposition, and the time for respondent to file a reply has expired. Therefore, the matter is deemed submitted.  L.R. 230(l).

## II. MOTION TO DISMISS

Respondent argues that the petition must be dismissed because (1) petitioner has not exhausted his state court remedies; (2) petitioner's allegations are too ambiguous to state a claim for relief; and (3) petitioner's contention that the parole board improperly denied him early parole under state law fails to present a cognizable claim in federal habeas.  ECF No. 22 at 2.  The court need only consider whether the petition presents claims on which relief can be granted.  See 28 U.S.C. § 2254(b)(2); Rhines v. Weber, 544 U.S. 269, 277 (2005) (federal court may dismiss with prejudice plainly meritless habeas claim, notwithstanding petitioner's failure to exhaust an issue).

## III. APPLICABLE LAW

A person in custody pursuant to the judgment of a state court can obtain a federal writ of habeas corpus "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  "Federal habeas corpus relief does not lie for errors of state law."  Estelle v. McGuire, 502 U.S. 62, 67 (1991) (citations omitted).
Rule 2(c) of the Rules Governing § 2254 Cases requires every habeas petition to specify all the grounds for relief available to the petitioner, state the facts supporting each ground, and state the relief requested.  The court must dismiss a habeas petition or portion thereof if the prisoner raises

2

claims that are legally "frivolous or malicious" or that fail to state a basis on which habeas relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

    IV.    DISCUSSION

        A.  Petitioner's Claims Are Not Pleaded with Specificity

The court agrees with respondent that the precise nature of petitioner's putative claim – i.e., whether he is challenging parole eligibility or parole suitability – is unclear.  Either way, petitioner appears to allege that he is being confined unlawfully because the parole board will not remove "prison prior enhancements."  ECF No. 1 at 5.  He indicates that Senate Bill 136 relates to the issue of prison prior enhancements, as do Proposition 57 and a California case called "In re McHee."  Petitioner does not, however, explain how the cited bill, proposition or case relate to his situation.  No facts or comprehensible arguments are presented in support of the claim.  See id.

Because the petition does not clearly state a factual and legal basis for relief, the petition fails to state a claim.  See 28 U.S.C. § 1915(e)(2)(B)(ii).  Allegations that are vague or conclusory, or that are unsupported by a statement of specific facts, are insufficient to warrant relief and are subject to summary dismissal.  See, e.g., Jones v. Gomez, 66 F.3d 199, 204-205 (9th Cir. 1995); James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994).

        B.  Any Putative Parole Related Claim Is Not Cognizable in Federal Habeas

To the extent that petitioner challenges any aspect of a decision regarding parole, he has not stated a claim that comes within this court's habeas jurisdiction.  Federal habeas relief is not available for state law errors of any kind.  Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985).  The United States Constitution establishes no substantive right to parole or consideration for parole.  Swarthout v. Cooke, 562 U.S. 216, 220 (2011); see also Vitek v. Jones, 445 U.S. 480, 488 (1980); Greenholtz v. Inmates of Nebraska Penal & Correctional Complex, 442 U.S. 1, 7 (1979).  To the extent (if any) that petitioner is also intending to challenge some aspect of his criminal sentence that affects his parole prospects, or avail himself of retroactive sentencing reforms that might increase those prospects, sentencing is also an exclusively state law matter that does not give rise to a federal claim.  See Christian v. Rhode, 41 F.3d 461, 469 (9th Cir. 1994).  State law issues, such as sentencing and parole consideration, cannot be transformed into federal

claims merely by invoking due process.  See Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996).

Because the only matters presented by the petition are state law issues that do not support a federal claim, this court lacks jurisdiction.  See Estelle, 502 U.S. at 67-68.

## CONCLUSION

For the reasons set forth above, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 22) be GRANTED, and

2. The court DECLINE to issue the certificate of appealability referenced in 28 U.S.C. § 2253.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 30, 2022

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE